UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
NELSON DIAZ, on behalf of himself and all others similarly situated,

                        Plaintiff,

      -against-

G2 SECURE STAFF, L.L.C.,

                        Defendant.
------------------------------------------------------------------- X

**23 Civ. 8422**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Nelson Diaz, on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complains and alleges as follows of Defendant G2 Secure Staff, L.L.C. ("G2" or "Defendant"):

### NATURE OF THE ACTION

1. Nelson Diaz worked as a cleaner and guide for G2 at LaGuardia Airport in Queens, New York from approximately May 2022 to August 13, 2022. Throughout the last six years before the filing of this Complaint, G2 paid its drivers, guides, leads, agents, and cleaners at LaGuardia Airport (together, the "Manual Workers"), including Diaz, on a biweekly basis, even though they spent more than 25% of their work time performing physical work duties, such as bending, lifting, standing, carrying, walking, cleaning, wiping, dusting, and vacuuming. G2 also failed to pay Diaz any wages for his hours worked in his last two workweeks.

2. G2 violated Section 191 of the New York Labor Law ("NYLL") by paying Manual Workers' wages on a biweekly basis. As "manual workers" within the meaning of the NYLL, they should have been paid "weekly and not later than seven calendar days after the end of the week the[ir] wages are earned." N.Y. Lab. L. § 191(1)(a)(i).

3. Diaz brings this action on behalf of himself and all similarly situated Manual Workers to recover liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the NYLL. Diaz also brings this action to recover unpaid wages for his last two workweeks and statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the NYLL, and the Wage Theft Prevention Act ("WTPA").

## JURISDICTION

4. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.SC. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

5. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the amount in controversy against Defendant exceeds $5,000,000, exclusive of interests and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

6. There are more than 100 members in the proposed class.

7. Defendant does business in New York State and is subject to personal jurisdiction in this Court.

## VENUE

8. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, because Defendant's business operations and the events giving rise to Plaintiff's claims occurred at LaGuardia Airport, which is in this district.

## THE PARTIES

**Plaintiff Nelson Diaz**

9. Nelson Diaz resides in the Bronx, New York.

10. Diaz worked for G2 as a cleaner and guide from approximately May 2022 to August 13, 2022.

**Defendant G2 Secure Staff, L.L.C.**

11. Defendant G2 is a foreign limited liability company organized and existing under the laws of the State of Texas.

12. G2 is a for-profit entity.

13. G2's principal executive office is located at 400 E. Las Colinas Boulevard, Suite 750, Irving, Texas 75039, where its corporate books and records are located and where the company conducts all executive and administrative functions, including the human resources and payroll functions at issue here.

14. G2 provides over 11,000 aviation service professionals to over eighty-eight airports across the United States. G2 works with various airports, including LaGuardia Airport, providing services such as "full Ground Handling; Aircraft Appearance; Passenger and Ramp Services; Terminal Services; Cargo; Security; and Maintenance services." *See* https://www.g2securestaff.com/who-we-are/ (last visited Nov. 13, 2023).

15. For example, G2's "Cabin Services" employees "are responsible for overseeing the comprehensive cleaning and security of aircraft interior per aircraft specifications." https://www.g2securestaff.com/services/#cabin-services (last visited Nov. 13, 2023). These employees conduct "thorough cleaning and disinfecting of aircraft interiors" by "vacuuming, dusting, cleaning lavatory and galley, provision blankets, pillowcases, supplies, remove trash and debris, position seatbelts, clean tray tables and windows, upholstery, and rug exchange." *Id.* (last visited Nov. 6, 2023).

16. For example, G2's "Ground Handling" employees include workers who service "lavatories or suppl[y] potable water" to airplanes, "stage equipment" for the

arrival of aircraft and its subsequent cleaning, and move bags into and out of airplanes. *Id.* (last visited Nov. 6, 2023).

17. In each of the three years before the filing of this Complaint, G2's employees were engaged in interstate commerce or in the production of goods for interstate commerce and handled, sold, or otherwise worked on goods or materials moved in or produced for interstate commerce by any person.

18. In each of the three years before the filing of this Complaint, G2's annual gross volume of sales exceeded $500,000.

19. Within the six-year period before the filing of this Complaint, G2 was a covered employer within the meaning of the NYLL.

20. Within the six-year period before the filing of this Complaint, G2 employed Plaintiff and all others Manual Workers within the meaning of the NYLL.

**FACTUAL ALLEGATIONS**

21. Diaz worked as a cleaner and guide throughout his employment at G2 at LaGuardia Airport in Queens, New York from approximately May to August 13, 2022.

22. As a cleaner, Diaz's primary work duties included cleaning the inside of airplanes, especially those of Delta Airlines. His daily tasks included vacuuming, dusting, picking up trash, and cleaning the inside of airplanes using disinfectants.

23. As a guide, Diaz primarily used cones and glowsticks to guide G2's employee transport vehicles in and out of different areas of the airport. To do this, Diaz would walk behind or next to G2's transport vehicles.

24. Throughout his employment, Diaz typically worked both as a guide and as a cleaner in the same workday. For example, after guiding a G2 transport vehicle full of Manual Workers to park next to an airplane, Diaz would go into the airplane with the

Manual Workers to clean it, then come out and help guide another transport vehicle a short distance to another airplane to resume cleaning duties.

25. Throughout his employment at G2 as a cleaner and guide, Diaz spent over a quarter (25%) of each workday performing duties that were physical in nature, as described above, which required standing, bending, lifting, and walking.

26. Throughout his employment, G2 paid Diaz's wages on a biweekly basis.

27. By doing so, G2 always paid Diaz's wages due for the first workweek of each biweekly pay period more than seven days after the end of the workweek.

28. For example, on July 7, 2022, G2 paid Diaz's wages earned for his hours worked in the workweeks of June 17 to 23 and June 24 to 30, 2022.

29. In this pay period, G2 paid Diaz's wages earned for the workweek of June 17 to 23, 2022, on July 7, 2022, more than seven days after the end of the workweek.

30. G2's practice and policy of paying Diaz his wages earned more than seven days after the end of the workweek injured Diaz by robbing him of the ability to invest his money earlier as he pleased, such as by paying bills earlier or depositing his money into an interest-earning account.

31. This is particularly so because G2 paid Diaz $17 per hour throughout his employment, only slightly more than the $15 per hour minimum wage rate.

32. Throughout his employment, Diaz typically worked from approximately 7:00 a.m. to 2:30 p.m. five days per workweek, with a half-hour lunch break per day.

33. G2 did not pay Diaz any wages for his hours worked on his last two workweeks of employment, from approximately July 29 to August 11, 2022, even though he worked his regular work schedule on these workweeks.

34. As part of and in conjunction with its decision not to pay Diaz his wages earned for his last two workweeks, G2 did not provide Diaz with wage statements for his last two workweeks.

## CLASS ACTION ALLEGATIONS

35. Diaz brings the claim in this Complaint arising out of NYLL § 191 under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated Manual Workers who work or have worked for G2 at LaGuardia Airport within the six years prior to the filing of this Complaint (the "Rule 23 Class").

36. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

37. Upon information and belief, the size of the Rule 23 Class exceeds 300 individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendant.

38. Upon information and belief, Defendant employed more than 300 Manual Workers at LaGuardia Airport in the last six years.

39. Manual Workers worked for G2 in different positions, including drivers, leads, guides, galley, and different types of cleaners, such as cabin, lavatory ML, and lavatory CRJ. Manual Workers spent more than 25% of their workdays performing physical work duties related to the servicing and cleaning of various parts of airplanes.

40. Defendant paid all Manual Workers in the last six years on a biweekly basis.

41. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

42. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including:

    a. whether Defendant paid all Manual Workers biweekly; and

    b. whether Defendant's Manual Workers performed physical work duties more than 25% of their working time.

43. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendant at various times within the applicable six-year statutory period. They enjoy the same statutory rights to be paid their wages due on a timely manner pursuant to the NYLL. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages because of Defendant's failure to comply with the NYLL.

44. Plaintiff and the Rule 23 Class have all been injured in that they have been untimely compensated pursuant to Defendant's common policies, practices, and patterns of conduct.

45. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

46. Plaintiff has retained legal counsel competent and experienced in wage-and-hour and class action litigation.

47. There is no conflict between Plaintiff and the Rule 23 Class members.

48. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendant's common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources

necessary to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

49. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure and under 28 U.S.C. § 1332(d).

50. Damages for the class combined exceed $5,000,000. For example, if G2 employed only 300 Manual Workers in the last six years, on average paid each $13 per hour during this period, and each Manual Worker worked an average of thirty hours per workweek and fifty weeks per year, G2 would owe the Class approximately $17,550,000 in damages under NYLL § 191(1)(a)(i).

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wages)

51. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

52. Defendant employed Plaintiff within the meaning of 29 U.S.C. §§ 203(d) and 206(a).

53. Defendant was required to pay Plaintiff at least the applicable minimum wage rate for hours worked up to forty per workweek. 29 U.S.C. § 206 *et seq*.

54. For the period of July 29 to August 13, 2022, Defendant failed to pay Plaintiff any wages for his hours worked.

55. Defendant has willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff his wages due.

56. Due to Defendant's violation of the FLSA, Plaintiff is entitled to recover from Defendant his unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs of the Action.

## SECOND CLAIM
### (New York Labor Law – Unpaid Regular Wages)

57. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

58. Defendant is an employer within the meaning of the NYLL §§ 190, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff.

59. The NYLL, including Sections 663 and 198, and its supporting regulations require employers to pay employees at their agreed-upon regular rates, which must be at least the minimum wage rate, for each hour worked up to forty per workweek.

60. The minimum and regular wage provisions of Articles 6 and 19 of the NYLL and their supporting NYDOL regulations apply to Defendant.

61. By failing to pay Plaintiff any wages for his hours worked between July 29 and August 13, 2022, Defendant failed to pay Plaintiff the wages to which he was entitled under the NYLL.

62. Defendant has willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff his regular hourly wages.

63. As a result of Defendant's violation of the NYLL, Plaintiff is entitled to recover his unpaid regular wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## THIRD CLAIM
### (NYLL § 191 – Frequency of Payments)

64. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

65. Defendant is an employer that is subject to and must abide by the frequency of payments provision of the NYLL.

66. Defendant paid Plaintiff and the Rule 23 Class on a biweekly basis.

67. In the last six years, Plaintiff and the Rule 23 Class spent more than 25% of their working time performing work tasks of a physical nature.

68. Plaintiff and the Rule 23 Class were "manual workers" within the meaning of NYLL § 191(1)(a)(i).

69. By paying Plaintiff and the Rule 23 Class on a biweekly basis, Defendant failed to pay Plaintiff and the Rule 23 Class their wages due "not later than seven calendar days after the end of the week in which the wages were earned." N.Y. Lab. L. § 191(1)(a).

70. Because Defendant failed to pay Plaintiff and the Rule 23 Class on a weekly basis, they were unable to invest the money that they earned until later each month, robbing them of the timely use and time value of their money. This is particularly important as Plaintiff and the members of the Rule 23 Class were paid at or only slightly more than the applicable minimum wage rate.

71. As a result, Plaintiff and the Rule 23 Class are entitled to recover liquidated damages equal to the full amount of their wages paid later than seven days after the end of a workweek in each biweekly period within the six years (subject to applicable tolling) prior to the filing of this Complaint.

### FOURTH CLAIM
### (WTPA – Failure to Provide Accurate Wage Statements)

72. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

73. The WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

74. In conjunction with and as part of its failure to pay Plaintiff any wages in his last two workweeks, Defendant failed to furnish Plaintiff with a wage statement accurately reflecting his number of hours worked per workweek and all wages due for all hours worked, in violation of NYLL § 195(3).

75. As a result of Defendant's violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Rule 23 Class, respectfully requests that this Court:

a. certify this case as a class action pursuant to Rule 23 for the class of employees described above, certify Plaintiff as the class representative, and designate Plaintiff's counsel as Class Counsel;

b. declare that Defendant has violated the minimum and regular wage provisions of the FLSA, the NYLL, and their supporting regulations;

c. declare that Defendant violated the frequency of payments provision of the NYLL;

d. declare that Defendant violated the wage statements provisions of the WTPA, NYLL § 195(3);

e. declare that Defendant's violations of the FLSA and NYLL were willful;

f. enjoin Defendant from further violating the FLSA and NYLL;

g. award Plaintiff unpaid minimum wages under the FLSA;

h. award Plaintiff unpaid regular wages under the NYLL;

i. award Plaintiff and the Rule 23 Class liquidated damages;

11

j. award Plaintiff statutory damages pursuant to the WTPA;

k. award Plaintiff and the Rule 23 Class pre- and post-judgment interest;

l. award Plaintiff and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and NYLL; and

m. award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
November 13, 2023

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco J. Cuadra
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
*Attorneys for Plaintiff and the Putative Rule 23 Class*